UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NAN MOORE PETERSON, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 12-5431(NLH-AMD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MICHAEL WEISS, JOHN GILETTE, | : | |
| BANK OF AMERICA, and | : | |
| THOMAS C. HAYNES, ESQ., | : | |
| | : | |
| Defendants. | : | |

Appearances:

NAN MOORE PETERSON
106 S. FRANKLIN BLVD.
PLEASANTVILLE, NJ 08232

   *Pro Se Plaintiff*

**HILLMAN, District Judge**

   This matter comes before the Court upon plaintiff's filing of a complaint, *pro se*, and application to proceed *in forma pauperis* (IFP). For the reasons explained below, plaintiff's IFP application will be granted, but her complaint shall be dismissed without prejudice.

   **I.   Standard for Reviewing Non Prisoner IFP Applications**

   Pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application. Although Section 1915 refers to "prisoners," Federal courts apply Section 1915 to non-prisoner IFP applications. See Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309,

1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); <u>Haynes v. Scott</u>, 116 F.3d 137, 140 (5th Cir. 1997); <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274, 275 (6th Cir. 1997)); <u>El Ameen Bey v. Stumpf</u>, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing <u>Douris v. Middletown Twp.</u>, 293 Fed. App'x 130 (3d Cir. 2008); <u>Fridman v. City of New York</u>, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002); <u>Clay v. New York Nat'l Bank</u>, 2001 U.S. Dist. LEXIS 3209, (S.D.N.Y. Mar. 21, 2001))).

    The decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner. <u>See Sinwell v. Shapp</u>, 536 F.2d 15, 19 (3d Cir. 1976).  Plaintiff here has signed an affidavit in support of her IFP application declaring under penalty of perjury that her monthly expenses significantly exceed her income, which is derived from disability payments.  Based on this information, the Court will grant her IFP application.

    Having filed an IFP application, pursuant to Section 1915(e)(2), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a

2

claim on which relief may be granted."  See 28 U.S.C.A. § 1915(e)(2).  Accordingly, the Court shall review plaintiff's complaint under the standard afforded to *pro se* litigants.

## II.   Standard for Reviewing Pro Se Complaints

Pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant.  Haines v. Kerner, 404 U.S. 519, 520 (1972), reh'g denied, 405 U.S. 948 (1972).  Even though pro se complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure).

## III. Discussion

In her complaint, plaintiff claims that the defendants misused and abused funds from an irrevocable trust, and she became liable for $45,000 in property taxes and is facing eviction because of defendants' conduct and their failure to

inform plaintiff that the trust would no longer pay the property taxes.  Plaintiff seeks $5 million in damages, and the ability to stop the eviction from her home, which she claims was sold to pay the back taxes.

The Court's review of plaintiff's complaint shows that even though she has complied with Fed. R. Civ. P. 8(a) and the requirement that she provide defendants with fair notice of her claims and the grounds upon which they rest, plaintiff has failed to establish this Court's subject matter jurisdiction over her case.

Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005)).  Here, plaintiff, ostensibly a New Jersey citizen, has filed claims against other apparent New

Jersey citizens, and, therefore, she has not established diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.  Moreover, plaintiff has not pleaded any claims that appear to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Without properly establishing this Court's subject matter jurisdiction over her case, this Court cannot not hear it.

**IV.  Conclusion**

Therefore, for the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to her right to refile an amended complaint properly alleging, if she can, this Court's subject matter jurisdiction within 30 days.


Date:   December 3, 2012              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

5